315-0596 People of the State of Illinois Appellee by Jasmine Morton v. Leon Williams Appellant by Jay Wigman May it please the Court, Counsel, I am Jay Wigman, an assistant appellate defender with the Office of the State Appellate Defender. Counsel for Defendant Appellant Leon Williams, who asserts that the trial judges erred by failing to honor Mr. Williams' clear, early, and unequivocal request to go pro se. There are two aspects of that introductory sentence that are somewhat unusual. The first is that I referred to the judges in the plural. Ordinarily, when a complaint is made, it's regarding one trial judge, not a pair, as in this case. And the second is that although what we're dealing with ultimately is the denial of the defendant's constitutional right to proceed pro se, I noted that it was a failure to honor his request. Because Judge Lyons, although the request is ultimately denied by Judge Hughes, Judge Lyons didn't rule on the question and didn't deny the request by a defendant. It's an unusual set of facts, and it requires an exploration of those as briefly as I can. But the facts will show that Judge Lyons was wrong to defer ruling until the matter got to trial. And Judge Hughes was wrong on the day that it was set for trial to find that the request was late because the defendant was following the procedure that Judge Lyons had set forth. The defendant, about four months after his arrest and after charges were filed, was before the court following a 402 conference. He indicated that he didn't like the negotiations and the way that they had been proceeding. He wasn't happy with counsel's performance, and he asked if he could go pro se. On that date, there was a brief discussion following that as to his reasons, and then the court said, we're not going to deal with this now, we'll deal with it at the next date. The next date was four days later. It's important to note that the order entered on that first date says very clearly, defendant states he wishes to go pro se. Four days later, then there was a discussion about the defendant's request. Judge Lyons indicated that he understood the nature of the request, but that he had wanted to give the defendant time, hence the setting four days later. They discussed what it was that displeased Mr. Williams, why it was that he wanted to have the right to proceed pro se, or to have other counsel which wasn't going to be allowed. Judge Lyons said that he needed to take a break because he needed to go over some admonitions with the defendant. A break was taken. When he came back, those admonitions were not given, and presumably those are Supreme Court Rule 401A admonitions. Judge Lyons indicated, he said, you are very well spoken. You made it clear that what you wanted to do was to go pro se. They had a little bit of an exchange. He said, is this still what you want to do? The defendant said, well, can I have another attorney? Judge Lyons said, no, I'm not going to give you another attorney. What's going to be best for you is if you stay with defense counsel. It's going to make negotiations easier with the state. It's going to make it easier for me to connect through counsel with you. The judge also expressed some concerns about discovery and said that there were limitations and that the defendant wouldn't be allowed to have discovery. In this way, he could continue to review discovery through counsel. He said, if this results in a trial and you still want to represent yourself, you can do that. In this fashion, the matter was left undecided and continued until the day of trial. The day of trial, counsel indicated to Judge Hoos, who was essentially sitting in, as happens in trial courts, particularly in a jury week, a judge is detained and busy on something else. Judge Hoos was sitting in handling some administrative matters for Judge Lyons. That was her only role in the case, and she wasn't in the case after that point. It was presided over by Judge Lyons. Counsel indicates to Judge Hoos that the relationship between he and his client was so bad that the day before, they hadn't even been able to agree on clothing that was going to be worn for trial. The defendant said, I don't want him as my attorney. I want to go on my own. Judge Hoos gave the 401A admonitions. He determined that he was entering his decision knowingly, understandingly. There was nothing that disqualified him from being able to represent himself. But ultimately, Judge Hoos decided that the request was untimely because the defendant indicated he wasn't ready for trial at that time. To Judge Hoos, this was a brand new request. She did note that there had been some mention in the record of him wanting to go pro se previously, but presumably was unaware of the exchange between the defendant and Judge Lyons. In this way, ultimately, the defendant was denied the opportunity to proceed pro se, a request that had been made several months before trial and had been made after a knowing exchange between he and the judge. In this fashion, Judge Lyons abused his discretion by failing to grant the request. The default position when the defendant seeks to waive counsel and proceed pro se is that his choice must be honored if it is made early, if it is made clearly, and if it is made unequivocally. In this case, clearly, those three standards were met. And there are only three reasons that the court could have denied the defendant's request. If he was mentally ill, if the behavior by the defendant was obstructionist, or if the request was late. The request was not late when it was made to Judge Lyons, and therefore it should have been honored. There was no question as to what the request was, and there was no equivocation at that time. To the extent that the defendant's statement that he wanted to have other counsel appointed to him, this is something that has been addressed more fully in the federal courts, but it's also been addressed by the Fourth District and Fisher, which says that when the defendant is looking at his options and says that he would like a different attorney, but is willing to go pro se if he can't have that, that's not equivocation. It's simply the wise decision to give counsel if he can, but then still an intelligent request to proceed on his own if he feels that that's going to be in his best interest. And Williams didn't have to give a reason, according to Haynes, a Supreme Court decision from 1996. To the extent that this comes down to a matter of judge who's ruling that was untimely, first I would note that the admonitions were given, the court was able to make a clear determination that he was capable of representing himself and not disqualified by mental incompetence. For that reason, clearly the exchange with judge who's shows that he should have been granted his right to proceed pro se. She denied the request, however, because of the untimeliness. And I think what it comes down to is this. If judge Lyons had, on that day, been sitting and entertaining the question or the request to go pro se, given the procedure that judge Lyons had set up, he would not have been able to properly and formally deny the defendant's request at that time because it was his procedure that had set it up. It's because judge who's did not know the procedure, did not have the history with the case, that, unfortunately, she saw the request as untimely and denied it on that basis. Thus, if there are no questions, I would conclude by asking that this court reverse this matter and remand it for a new trial. Good morning. May it please the court. My name is Jasmine Wharton. I represent the people of the state of Illinois in this matter. At issue is whether the trial judge erred in denying defendant's request to proceed pro se. Just to go through a brief timeline as to what happened in this case. March 12, 2015, defendant attempted to file a motion to quash his statement while being represented by counsel. The trial judge informed him, you have counsel. If you want to file any motions, you need to go through counsel. That wasn't a request to go pro se. That was simply the defendant attempting to act on his own and being told that he needed to go through counsel. Then April 16, defendant then asked to go pro se. The trial judge decided this should be handled on another day. Four days later, on April 20th, a hearing is held to discuss why defendant wanted to proceed pro se. He said that my defense attorney is handling my case inadequately. The trial judge then said, let's take a recess. I will admonish you and we can move forward. After the recess, the trial judge asked, before we proceed forward, I just want to make sure, would you like to proceed pro se? Then the defendant says, I want new counsel. It's the people's position that that's not an unequivocal request. It's not unambiguous. He has gone from asking to proceed pro se to now asking for new counsel. And several pages in the record go on and on with him asking for new counsel. Now, the trial judge determined that counsel wasn't ineffective. There was no reason for him to receive new counsel. But if he wanted to proceed pro se and the case went to trial, he could do so. He could continue to talk to his attorney. The trial judge talked to the attorney about whether or not he was discussing discovery with the defendant, what they had been discussing, how often he visited the defendant, in an effort to make sure that if the defendant decides to go pro se, he is prepared with the information that he needs. And if he doesn't want to go pro se, he's still aware of what's going on in his upcoming trial. The trial judge continued the case for over two months to ensure that the defendant was comfortable with what was going on in his case, had plenty of time to prepare with counsel, that everything was okay. Then we get to the trial date, June 29th. Defense counsel answers ready for trial, but informs the trial court that defendant wants to represent himself. Now, when the judge inquires about that, defendant responds that he wants new counsel. So now the request has changed again. He's informed his counsel that he wants to proceed pro se, but then tells the court that he wants a new attorney. That goes on repeatedly. No, I want a new lawyer. No, I want a new lawyer. And when the trial judge denied that request for him to receive new counsel, then we go back into, well, I want to represent myself. The trial judge says, okay, you can represent yourself. Are you prepared to proceed today? No, he's not. And the reasoning for why he's not prepared is that he needs to go over strategy. Now, mind you, this case has been continued four times for a trial date. Any of those continuances at defendant's request, though? Defendant had some health issues, I believe, for the majority of the requests. And that wasn't a listed reason as to why he needed to continue the case again, that he had any health issues. It was simply that he needed to go over his own trial strategy and that he had a motion that he wanted to file. Were the continuances requested by defendant? Were there motions to continue? Yes, there were four motions to continue. And filed by defendant? I don't believe all of them were filed by defendant, but I believe the majority were. And defense counsel listed that we've had to continue this case several times because of my client's health concerns. So, defendant didn't provide any true reasoning as to why he needed to continue the case. And as I said, he continued this case from April 20th now to June 29th, and defendant is still not prepared, and presumably he's wanted to go pro se this entire time, according to opposing counsel. But the defendant continuously goes back and forth in terms of what he wants. Sometimes he wants to be represented by counsel, but a new counsel, and then other times he wants to proceed pro se. And on this June 29th date, again, he's wavering back and forth in terms of what he wants. And defendant's request to proceed pro se that day, generally, I mean, it can be viewed timely if it's accompanied, if he's prepared to proceed that day. But he wasn't prepared to proceed that day. It appeared to be a delay tactic by Judge Hoos. And when that request was denied, and the next day when Judge Lyons comes back into court, it is discussed again. Judge Lyons mentions there was some drama yesterday. Is everything okay? And the defendant informs the trial judge that my request to proceed pro se was denied. But he didn't make another request. He didn't renew that request, ask for this judge to now make a determination on the issue. It was under Judge Lyons' impression that the defendant then wanted to proceed with his counsel and move forward with his case. So it's the people's position that this wasn't an unambiguous or unequivocal request to proceed pro se. And even if this court determines that it was, it wasn't timely. The fact that defendant asked on April 16th and 20th, or it was continued to the 20th, to proceed pro se, he's still wavering. And he agrees to keep his counsel by the end of that hearing. To move forward with his counsel. He's aware that if he wants to go pro se, he can do that for trial. But he is never told that he will be granted more continuances to prepare for trial. Defendant was prepared with a motion. He argued that motion on June 29th. But wasn't prepared for trial. And really didn't provide real or substantial reasoning as to why he wasn't prepared for court. Or for his trial at date. If there are no further questions, we just ask that you find that there was no abuse of discretion in this matter. There was no error. And we ask that you affirm the defendant's conviction. Thank you. Thank you, Counselor. Thank you. I would first note that when the matter returned to Judge Lyons on the day that it was then set for a bench trial, the day following the discussion with Judge Hughes. When the defendant informed the judge that his request to proceed pro se had been denied the day before. Judge Lyons' response was, I think that was the correct order. I don't want to revisit this. And the matter moved on. So to the extent that the defendant didn't submit another request at that time, clearly that opportunity was being denied him by the trial court. Which said, we're not revisiting this. We're moving on. Further, acquiescence to a court's order or ruling is not generally considered by courts of review to constitute wavering. It's following along with what the judge says. And when the judge denies the request, there's no reason to keep fighting. And when the judge says, this is what we're going to do. When he said to the defendant at the April 20th hearing, this is what I propose we do. You're going to stay with counsel. It's natural for the defendant to follow along. He's made his case and the judge is ruling. But the judge also set up a procedure that invited this error. When he said, we're going to go and if we get to the day of trial and you still want to go on, then I will let you go pro se. And if I allow you to go pro se, the language in the April 20th hearing was, if I let you go pro se, I will then set up for trial and there won't be continuances. There was nothing about the procedure that was set up that made the defendant think that he did not have the right to continue to request to go pro se. Because it was set up in this fashion and because he acquiesced with what the court was ruling, the defendant was denied the right to represent himself. And therefore, we request that this court reverse and remand for a new trial. Thank you. Thank you both for your arguments and we'll take this case under advisement now and take a short break for panel change.